**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 00-30583**
**Summary Calendar**

---

**JODITH SAVOIE,**

**Plaintiff-Appellant,**

**VERSUS**

**SEACRAFT SHIPYARD,**

**Defendant-Appellee.**

---

Appeal from the United States District Court
For the Western District of Louisiana
(99-CV-1872)

---

December 29, 2000

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jodith Savoie, a white female, was employed by Seacraft Shipyard for approximately ten months ending April 3, 1998. Savoie retained an attorney and on September 19, 1998, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Seacraft asserting that she was sexually harassed,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discriminated against, and discharged because of her gender. On October 25, 1998, the EEOC issued its dismissal and notice of rights which specifically provided that "If you decide to sue, you must sue within 98 days from your receipt of this notice." Savoie did not file timely suit after receipt of the right to sue notice. Instead, on January 19, 1999, Savoie filed a duplicate identical charge of discrimination against Seacraft reiterating her assertion that she was sexually harassed, discriminated against, and discharged because of her gender. Savoie declined to participate in an EEOC mediation of her claims and on July 30, 1999, the EEOC issued a second dismissal and notice of right which was mailed to Savoie. Savoie did not file her complaint against Seacraft until October 12, 1999, almost one year after the EEOC's issuance of its first dismissal and notice of rights. Seacraft moved for summary judgment which the district court granted. Savoie timely appeals.

We have carefully reviewed the briefs, the reply brief, the record excerpts, and relevant portions of the record itself. For the reasons stated by the district court in its memorandum ruling filed under date of April 5, 2000, we affirm the Final Judgment entered in favor of Seacraft under date of April 25, 2000.

**AFFIRMED.**